UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


DEAN A. CARMEN,

                    Plaintiff,

          v.                                    Case No. 1:15-CV-00117-EJL-CWD

BREVILLE USA, INC., f/k/a
METRO/THEBE, INC. (d/b/a/HWI            **MEMORANDUM DECISION AND**
USA) a California corporation,          **ORDER**
BREVILLE HOLDINGS USA, INC., a
California corporation, BREVILLE
GROUP LIMITED a foreign business
entity, BREVILLE PTY LIMITED, a
foreign business entity, BREVILLE
INTERNATIONAL LIMITED, a foreign
business entity, and BED BATH &
BEYOND, INC., a New York
corporation,

                    Defendants.


                              INTRODUCTION

        Pending before the Court is Defendant Breville PTY Limited's Motion to Dismiss. (Dkt.

34.) The parties filed responsive briefing and the motion is now ripe. Having fully reviewed the

record herein, the Court finds that the facts and legal arguments are adequately presented in the

briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court

conclusively finds that the decisional process would not be significantly aided by oral argument,

**MEMORANDUM DECISION AND ORDER - 1**

the Motion shall be decided on the record before this Court without oral argument. The Court grants Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, Dean A. Carmen, ("Carmen") is an individual residing in Boise, Idaho. (Dkt. 18.) Defendant, Breville PTY Limited, ("BPL") is an Australian corporation with its principal place of business in Australia. (Dkt. 34.) BPL is primarily engaged in the design, importation, distribution, and sale of Breville® brand electrical appliances in Australia. (Dkt. 34.) BPL has a licensing agreement with Defendant Breville, USA, wherein Breville, USA has an exclusive license to manufacture, market, and sell the Breville® brand and design in the United States. (Dkt. 34, 40.)

Carmen purchased a Breville® 800 ESXL/B1225 ("Subject Espresso Maker") from Bed, Bath, and Beyond in Boise, Idaho on February 9, 2013. (Dkt. 18.) On or about April 1, 2013, in Idaho, Carmen was severely burned when he was "sprayed with high pressure and ultra-hot steam" while reconnecting the porta filter back into the Subject Espresso Maker. (Dkt. 18, 38.) Carmen suffered second and third degree burns, went into shock and suffered rhabdomyolysis, which ultimately resulted in his left hand being amputated. (Dkt. 18, 38.) Carmen has brought

---

[1] The Court finds the following facts material and undisputed, or, when disputed, taken in the light most favorable to the non-moving party.

**MEMORANDUM DECISION AND ORDER - 2**

this suit against the Defendants alleging numerous claims including negligence; breach of warranties; and tortious design and manufacturing defects. (Dkt. 18.)[2]

On October 5, 2015, Carmen filed his Second Amended Complaint in this matter, which added BPL as a defendant. (Dkt. 18.) BPL filed a Motion to Dismiss on March 7, 2016 under Rule 12(b)(2) and 12(b)(5). (Dkt. 34.) On October 6, 2016, BPL moved to withdraw its motion on the basis of Rule 12(b)(5) in response to Carmen curing the improper service. (Dkt. 48.)[3] The Court now takes up BPL's Motion to Dismiss on 12(b)(2) grounds.

## STANDARD OF LAW

Motions to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) "are speaking motions and it is appropriate to look beyond the pleadings to affidavits and other evidence when considering them." *National Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.,* 259 F. Supp.2d 1096, 1101 (D. Idaho 2003) (citing *Data Disc Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977)). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th

---

[2] Carmen alleges 8 counts, 7 of those counts are alleged against Defendants "Breville" collectively and are not specifically alleged against BPL. One count of negligence is alleged exclusively against Bed, Bath, and Beyond Inc.

[3] In December 2015, Carmen hired a process server in Australia; however service was not properly effectuated under the Hague Convention. (Dkt. 38.) Carmen filed an Affidavit of Service and Supplement to the Motion to Dismiss showing receipt by the Attorney General's Department on May 15, 2016 and service on BLP on May 26, 2016. (Dkt. 45, 46.)

**MEMORANDUM DECISION AND ORDER - 3**

Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Where "the motion is

based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a

prima facie showing of jurisdictional facts.'" *Id.* "In such cases, 'we only inquire into whether

[the plaintiff's] pleadings and affidavits make a prime facie showing of personal jurisdiction.'"

*Id.* (quoting *Caruth v. International Psychoanalytical Ass'n*, 59 F. 3d 126, 128 (9th Cir. 1995)).

"Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,'

uncontroverted allegations in the complaint must be taken as true." *Dole Food Co., Inc. v. Watts*,

303 F.3d 1104, 1108 (9th Cir. 2002) (quoting *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.,*

551 F.2d 784, 787 (9th Cir. 1977)). "Conflicts between parties over statements contained in

affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800 (citing

*AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)).

## DISCUSSION

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the

district court applies the law of that state in which the district court sits." *Yahoo! Inc. v. La Ligue*

*Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (citing Fed. R. Civ.

P. 4(k)(1)(A)). "In order for an Idaho court to exert jurisdiction over an out-of-state defendant,

two criteria must be met; the act giving rise to the cause of action must fall within the scope of

our long-arm statute and the constitutional standards of due process must be met." *Saint*

*Alphonsus Regional Medical Center v. State of Wash*., 852 P.2d 491, 494 (Idaho 1992). Idaho

Code § 5-514 confers personal jurisdiction over any "cause of action arising from . . . [t]he

commission of a tortious act within this [Idaho]."   *See* Idaho Code § 5-514(b). Under this

**MEMORANDUM DECISION AND ORDER - 4**

standard, the negligent act need not take place in Idaho; all that is required is that the injury is alleged to have occurred in Idaho. *National Union Fire Ins. Co.*, 259 F. Supp.2d at 1102. There is no dispute the accident occurred in Idaho, thus there is at least a prime facie case that the Idaho long-arm statute confers personal jurisdiction over BPL. Since the first criteria is met, the Court next looks to the second criteria, Due Process.

 "Because Idaho's long-arm statute, codified in Idaho Code § 5-514, allows a broader application of personal jurisdiction than the Due Process Clause, the Court need look only to the Due Process Clause to determine personal jurisdiction. Thus, under Idaho law, the jurisdictional and federal due process analyses are the same." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp.2d 1114, 1119 (D. Idaho 2009).[4]

Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). "[T]he constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the

---

[4] See *Smalley v. Kaiser*, 950 P.2d 1248 (1997); *Saint Alphonsus v. State of Washington*, 852 P.2d 491 (1993). Implied by two decisions of the Idaho Supreme Court is the Idaho long arm statute "reaches beyond the limits of due process, and that the Idaho Supreme Court must use the Due Process Clause to rein in the statute's grasp." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp.2d 1114, 1119 n.2 (D. Idaho 2009). The Idaho Supreme Court has instituted a two-part test for resolving long-arm jurisdiction questions. The test recognizes that the reach of the Idaho long arm statute is not the same as the reach of the Due Process Clause; however, the results are the same because the Due Process Clause sets the limit.

**MEMORANDUM DECISION AND ORDER - 5**

defendant purposefully established minimum contacts in the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.,* 480 U.S. 102, 108-109 (1987) (internal quotations and citations omitted). "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." *Id.* at 109 (internal quotations and citations omitted) (emphasis in original).

Personal jurisdiction can be general or specific. *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987). A court may assert general personal jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 317). In contrast, specific personal jurisdiction is exercised when a state asserts personal jurisdiction over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum state. *Helicoptores Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction depends on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *Lake*, 817 F.2d at 1421.

## 1. General Jurisdiction

"The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximates physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citations omitted); *see also Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). The court considers several factors in determining

**MEMORANDUM DECISION AND ORDER - 6**

general jurisdiction: "whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.*; *see also Hirsh v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

Carmen does not allege BPL has ever been physically present in the forum state, therefore the Court must determine if BPL's contacts are "continuous, systematic and substantial" enough to approximate physical presence.[5]  Based on the facts presented, the Court cannot make such a finding. BPL is not incorporated in Idaho, nor is it licensed or registered to do business in Idaho. Carmen has not produced evidence that BPL has bank accounts, targeted advertising, or a web presence in or directed at Idaho. As such, general jurisdiction is not established, therefore the Court moves onto an analysis of specific personal jurisdiction.

### 2.  Specific Jurisdiction

Specific jurisdiction may be exercised over a nonresident defendant when the cause of action arises out of its contact with, or activities in, the forum state. *SRE-Cheaptrips, Inc. v. Media Synergy Group, LLC*, 2010 WL 1913589, at *3 (D. Idaho May,   2010) (citing *Resnick v. Rowe,* 283 F.Supp.2d 1128, 1135 (D. Hawaii 2003)). The Ninth Circuit has established a three-

---

[5] *See Helicopteros*, 466 U.S. at 414-16 (General jurisdiction exists over a non-resident defendant if his contacts with the forum state are continuous, systematic, and substantial to approximate physical presence.)

**MEMORANDUM DECISION AND ORDER - 7**

part test to determine whether a court may exercise specific personal jurisdiction over a nonresident defendant:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Lake*, 817 F.2d at 1421; *see also Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).

Carmen bears the burden of satisfying the first two factors, then the burden shifts to BPL to demonstrate unreasonableness. *Lake*, 817 F.2d at 1421; *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

### a. *Purposeful Availment*

As this Court noted in *Vandersloot v. BMW Properties, LLC*, 2013 WL 1867352, at *3 (D. Idaho May 1, 2013) and *Wayne Enterprises, LLC v. McGhee*, 2016 WL 3620731, at *4 (D. Idaho June 28, 2016), the first requirement of "purposeful availment" or "purposeful direction" ensures that a defendant is not haled into court because of random, fortuitous, or attenuated contacts or on account of the unilateral activity of third parties. While courts have used purposeful availment and purposeful direction interchangeably, the Ninth Circuit applies purposeful availment to suits involving contracts and negligent torts and purposeful direction to suits involving intentional torts. *See Yahoo! Inc*, 433 F.3d at 1206. "In products liability cases

**MEMORANDUM DECISION AND ORDER - 8**

like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with traditional notions of fair play and substantial justice." *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011); *see also Holland America Line Inc. v. Wartsila North America, Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("[I]t is well established that the Calder [purposeful direction] test applies only to intentional torts, not to breach of contract and negligence claims[.]") The purposeful availment requirements are "met if the defendant 'performed some type of affirmative conduct which allows or promotes the transaction or business within the forum state.'" *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)). The products liability claims in this case are based in contract and negligence and, therefore, the Court applies purposeful availment.

The placement of a product into the stream of commerce, without more, is not sufficient to establish purposeful availment. *Holland*, 485 F.3d at 459 (citing *Asahi*, 480 U.S. at 112).[6] "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher*, 911 F.2d at 1362.) "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger v. Fred*

---

[6] In *Asahi*, the leading opinion (for four justices) written by Justice O'Connor required "something more than simply placing a product into the stream of commerce, even if defendant is awar[e] that the stream may or will sweep the product into the forum State." *J. McIntyre Machinery, Ltd.*, 564 U.S. at 889 (Breyer, J., concurring) (quoting *Asahi*, 480 U.S. at 117).

**MEMORANDUM DECISION AND ORDER - 9**

*Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). "[A] defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers within the forum State' may indicate purposeful availment." *Nicastro*, 564 U.S. at 881-882 (quoting *World-Wide Volkwagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980)). The principal inquiry in cases determining the relation between jurisdiction and the "stream of commerce" is whether the defendant, through his activities, manifested an intention to submit to the power of the forum state by invoking the benefits and protections of its laws. *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its good will reach the forum State." *Id.* at 882.

BPL asserts it has not conducted any activity in Idaho and therefore not purposefully availed itself of Idaho and its only contact with the United States is an "arm's length" licensing agreement with Breville, USA. (Dkt. 34.)[7] Carmen maintains BPL's exclusive licensing agreement with Breville, USA, allows for the distribution of BPL's designed and Breville®-branded products directly into the stream of commerce. Thus, BPL profits from the distribution

_____

[7] BPL describes the agreement as "an arm's length agreement wherein Breville USA, a California corporation, is solely responsible for all aspects of the business related to Breville®-brand electrical appliances in the United States, including the importation, distribution, marketing, and sale of Breville® brand products. (Dkt. 34.)

**MEMORANDUM DECISION AND ORDER - 10**

and sale of the products designs and shows purposeful availment for purposes of specific personal jurisdiction. (Dkt. 38.)

The Court finds BPL's alleged design and/or manufacturing of the Subject Espresso Maker and BPL's licensing agreement with Breville, USA are insufficient to show purposeful availment. (Dkt. 34, 38.)

Assuming BPL designed and/or manufactured the Subject Espresso Maker there are no allegations that BPL directed or aimed the Subject Espresso Maker to be sold in the United States or Idaho. BPL's licensing agreement with Breville, USA, an independent California company, is the only contact BPL has with the United States. (Dkt. 40.) The licensing agreement provides Breville, USA with the exclusive right to manufacture, market, and sell licensed Breville® brand products in the United States.

Construing the contested facts in favor of Carmen, even if BPL designed and manufactured the Subject Espresso Maker, that is not enough for the Court to find purposeful availment. BPL's licensing agreement with Breville, USA, likewise, falls short of meeting the requirement to show BPL availed itself of jurisdiction in Idaho.[9] The Court finds Carmen has

---

[9] *See Williams v. Yamaha Motor Corp., U.S.A.*, D.C. No. 2:13-cv-05066-BRO-VBK, No. 15-55924 (9th Cir. 2017). The court dismissed claims alleging inherent design defects in the "Subject Class Motor" brought in a federal district court in California against Yamaha Motor Co. Ltd. ("YMC"), which designed and manufactured the Subject Class Motors in Japan for lack of personal jurisdiction. The court held that YMC did not have the requisite minimum contacts for the court to assert jurisdiction. The court found YMC's wholly owned subsidiary YMUS imported and marketed the Subject Class Motors in California, but that YMC did not conduct any activities within the state, and did not target California via marketing or advertising.

**MEMORANDUM DECISION AND ORDER - 11**

failed to prove BPL purposefully availed itself of personal jurisdiction in Idaho by doing "something more" than introduce the Subject Espresso Maker into the "stream of commerce." *See Asahi*, 480 U.S. at 111; *Nicastro*, 564 U.S. at 883; *Holland,* 485 F. 3d at 459.

### b.  Arising Out of Forum-Related Activities

The second requirement for specific personal jurisdiction requires that the defendant's contacts give rise to the lawsuit. *New Phase Development, LLC v. Cook,* 2014 WL 4793845, at *5 (D. Idaho, Sept. 2014) (citing *Dole Food Co. Inc.,* 303 F.3d at 1108). The Ninth Circuit implements a "but-for" causation test where personal jurisdiction is only proper when "but-for" the defendant's activities in the forum, the plaintiff's injuries would not have occurred. *Id.*

BPL contends since it has neither transacted business in Idaho nor untaken any activity in Idaho, it is impossible Carmen's claims against BPL arise out of any of its business or activity in Idaho. (Dkt. 34.) Carmen asserts but-for BPL's tortious design of the Subject Espresso Maker and its distribution through Breville, USA to the Bed, Bath, and Beyond in Idaho, he would not have sustained the burns and subsequent amputation of his left hand. (Dkt. 18, 38.)

Because BPL has no minimum contacts with or activities in Idaho, Carmen's lawsuit does not arise out of any contact by BPL. Even if BPL's activities in the design and manufacture of the Subject Espresso Maker and/or the licensing agreement were a "but-for" cause of Carmen's injuries, the Court finds the other personal jurisdiction factors weigh against exercising personal jurisdiction over BPL in this case.

**MEMORANDUM DECISION AND ORDER - 12**

### c.  *Reasonableness*

The final requirement for specific personal jurisdiction requires the Court's exercise of jurisdiction to be reasonable and comport with notions of fair play and substantial justice. *Bancroft & Masters, Inc*., 223 F.3d at 1088. BPL bears the burden of proving unreasonableness. The Court considers the following seven factors to determine reasonableness: (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.; see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985).

BPL argues that even if the Court finds that Carmen has carried his burden on the first two jurisdictional prongs that exercising specific jurisdiction in this case is unreasonable because (1) it did not purposefully interject itself into Idaho; (2) litigation in Idaho would be create a substantial burden; and (3) Carmen would not be left without a remedy should he prevail because the independent U.S. entities that Carmen alleges marketed and sold the Subject Espresso Maker are named defendants here. (Dkt. 40.)

As discussed above, the Court finds that BPL did not purposefully interject itself into Idaho. The Court finds litigating in Idaho would be unduly burdensome on BPL since its offices and attorneys are in Australia, it has no offices in the United States, let alone Idaho. While Idaho generally has an interest in adjudicating a dispute where one of its citizens was injured, the

**MEMORANDUM DECISION AND ORDER - 13**

interest in this case is outweighed by the other factors. Carmen is not being deprived of an avenue for a potential remedy by the Court dismissing his claims against BPL since other defendants remain that could be liable for his injuries, which provides Carmen an efficient resolution of his claims. For these reasons, the Court finds it is unreasonable to exercise personal jurisdiction over BPL.

### 3.  Jurisdictional Discovery

"It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *American West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir. 1989) (citations omitted). Although a plaintiff need not "make some showing of jurisdiction prior to being allowed further discovery" *Marshall v. McCown Deleeuw & Co.*, 391 F. Supp.2d 880, 883 (D. Idaho 2005), "it is not an abuse of judicial discretion to deny discovery before dismissing on jurisdictional grounds 'when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir. 1977)).

Carmen requests leave to conduct limited jurisdictional discovery contending he will then be able to demonstrate the BPL purposely targeted Idaho with its products and establish that BPL has contacts that could be the basis for jurisdiction. (Dkt. 38.) BPL asserts this request should be

**MEMORANDUM DECISION AND ORDER - 14**

denied because Carmen has not identified any disputed fact that could be the basis for jurisdiction.

The Court denies Carmen's request for jurisdictional discovery. The Court finds that further discovery would not demonstrate any additional facts that would provide a basis for jurisdiction over BPL. Carmen has alleged and the Court has accepted for purposes of this motion that BPL designed and manufactured the Subject Espresso Machine and that BPL has a licensing agreement with Breville, USA; the Court has found those facts to be insufficient for asserting personal jurisdiction over BPL. Carmen alleges no other facts that could be established through additional discovery that would alter the result.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. 34) is **GRANTED.** Defendant Breville PTY Limited is dismissed as a party to this action.

DATED: March 30, 2017

Edward J. Lodge
United States District Judge

**MEMORANDUM DECISION AND ORDER - 15**