UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEAN A. CARMEN,<br><br>        Plaintiff,<br><br>v.<br><br>BREVILLE USA, INC., f/k/a METRO/THEBE, INC. (d/b/a/HWI USA) a California corporation, BREVILLE HOLDINGS USA, INC., a California corporation, BREVILLE GROUP LIMITED a foreign business entity, BREVILLE PTY LIMITED, a foreign business entity, BREVILLE INTERNATIONAL LIMITED, a foreign business entity, and BED BATH & BEYOND, INC., a New York corporation,<br><br>        Defendants. | Case No. 1:15-cv-00117-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On June 20, 2018, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Defendants' Motion for Summary Judgment be granted. (Dkt. 83.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No objections have been filed and the matter is ripe for the Court's consideration. *See* Local Civ. R. 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review. The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) stating:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise…."to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. Briefly, Plaintiff Dean Carmen initiated this action by filing his Complaint against the Defendants Breville USA, Inc. and Breville Holdings, USA, Inc. (collectively "Breville") alleging seven products liability based claims seeking damages for injuries he claims to have suffered when he used a Breville expresso maker in April of 2013. Breville filed the instant Motion for Summary Judgment on all claims arguing Mr. Carmen has failed to identify any defect or point to any evidence supporting a finding of any defect with the expresso maker nor has he shown that any defect caused his injuries. (Dkt. 64.) Mr. Carmen filed a response to the Motion. (Dkt. 80.)[1] The Report recommends granting Breville's Motion for Summary Judgment concluding that Mr. Carmen has failed to point to any evidence giving rise to a genuine issue of material fact that the expresso maker in question was defective and/or that such defect caused his injuries. (Dkt. 83.) The Report further concludes that Mr. Carmen has not provided any evidence that Breville knew or had reason to know the expresso maker was

---

[1] Mr. Carmen requested an extension of time in which to file a more complete response to the Motion for Summary Judgment. (Dkt. 79.) Judge Dale denied the request. (Dkt. 83.) This Court agrees with Judge Dale's Order denying Mr. Carmen's request for a further extension of time to file a response. (Dkt. 83.) Mr. Carmen was given ample notice and time in which to file a response. A further extension of time in this case would be unduly prejudicial to Breville.

likely to be unsafe when used for its intended purpose such that it had a duty to warn. (Dkt. 83.)

This Court has reviewed the original briefing of the parties, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court finds no clear error in the Report. Moreover, this Court agrees with the Report's recitation of the facts, discussion of the applicable law, analysis, reasoning, and conclusion finding that Mr. Carmen has failed to point to evidence giving rise to a genuine issue of material fact as to the material elements of his claims. This Court adopts and incorporates the findings and conclusions of the Report. For the reasons stated in the Report, the Court finds Mr. Carmen has failed to identify any defect in the expresso maker, point to evidence that such a defect existed in the expresso maker in question, or show that Breville had a duty to warn consumers. The Court also finds there is no evidence that any defect caused Mr. Carmen's injuries. For

these reasons, the Court grants the Motion for Summary Judgment and dismisses the claims brought against the Breville Defendants.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on June 20, 2018 (Dkt. 83) is **ADOPTED IN ITS ENTIRETY** and the Defendants' Motion for Summary Judgment (Dkt. 64) is **GRANTED**.

IT IS FURTHER ORDERED that the claims made against Defendants Breville USA, Inc. and Breville Holdings, USA, Inc. are **DISMISSED**.

DATED: August 7, 2018

Honorable Edward J. Lodge
U.S. District Judge